IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRED V. BRUNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-13-691-D |
| | ) | |
| NICOLE S. CABLE, BRAD BROGDON, | ) | |
| MICHAEL DUNKLE, and OKLAHOMA | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Fred V. Bruner, a state prisoner appearing *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Pending before the Court are two motions filed by Plaintiff: a Motion to Request Record, **ECF No. 3**, and a Motion to Request Transcript of Executive Revocation Hearing, **ECF No. 4**. An initial review of the Complaint, **ECF No. 1**, has been conducted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915 (pertaining to *in forma pauperis* proceedings). It is recommended that the Complaint be **DISMISSED** *sua sponte* for failure to state a claim upon which relief may be granted. Plaintiff's Motions should be **DENIED** as moot. It is further recommended that this dismissal count as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

### I.     Background and Claims for Relief

Plaintiff is incarcerated in the William S. Keys Correctional Center in Fort Supply, Oklahoma. According to his Complaint, Plaintiff's parole was revoked after an Executive

Revocation Hearing held on January 30, 2013. According to Plaintiff, the parole revocation was based on an incorrect report submitted by Defendant Cable charging Plaintiff with parole violation based on alleged drug violations. Plaintiff contends that the report erroneously stated that he had tested positive for various drugs three times between February 10, 2004, and September 2, 2004. According to Plaintiff, Defendant Cable's supervisor, Defendant Brogden, as well as Defendant Dunkle, the District Supervisor, Southeast District Community Corrections, signed Defendant Cable's report, making them, according to Plaintiff, liable for the alleged due process and equal protection violations.

In Count I of his complaint, Plaintiff contends that Defendant Cable committed perjury when she "lied and used untruthful statements against Mr. Bruner in this Revocation Hearing" (Complaint at 10).

In Count II, Plaintiff contends that the "use of perjury in any trial is obstruction of justice (*Id.*).

In Count III, Plaintiff contends that all the defendants conspired to present false evidence against him (*Id.*).

## II. Grounds for *Sua Sponte* Dismissal

Pursuant to 28 U.S.C. § 1915A, this Court must review complaints filed in civil actions by prisoners seeking redress from a governmental entity or officer or employee of a governmental entity. After conducting the initial review, this Court must dismiss the complaint, or any portion of the complaint, which is frivolous, malicious or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). *See also* 1915(e)(2)(B)(ii) (dismissal of a complaint filed *in forma pauperis* is proper for failure to state a claim upon which relief may be granted); *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). As with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Because Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young*, 554 F.3d at 1256 (quotations and citation omitted).

### III. Analysis

#### A. Claims against Department of Corrections

To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Neither a state, a state agency, nor an official of the State acting in his or her official capacity, is a "person" for purposes of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 71 (1989). *See also Branson School District RE 82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998) (when suit is brought against a state official in his official capacity, the real party in interest is the state).

Thus, Eleventh Amendment sovereign immunity precludes suits against states, state agencies and state officials sued in their official capacities.

Unlike other jurisdictional issues, a State may waive the defense of sovereign immunity. The State of Oklahoma has not, however, waived its sovereign immunity defense against § 1983 claims brought in federal district court cases. *See Ramirez v. Oklahoma Dept. of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994). Moreover, a court may, in its discretion, raise the issue of Eleventh Amendment immunity *sua sponte*. *See Nelson v. Geringer*, 295 F.3d 1082, 1098 n. 16 (10th Cir. 2002) ("[T]he [Supreme] Court has stated that judicial consideration of Eleventh Amendment issues *sua sponte* is discretionary, not mandatory.").

Given the procedural posture of this case, this Court should exercise its discretion and address the issue of Eleventh Amendment immunity *sua sponte*. Defendant Oklahoma Department of Corrections is immune from Plaintiff's suit, and all claims against this Defendant should be dismissed with prejudice.

Plaintiff does not indicate whether he is suing the other defendants in their official capacities, their individual capacities, or both. Any claims for monetary damages against all individual defendants sued in their official capacities should also be dismissed on the basis of sovereign immunity. It is therefore recommended that all of Plaintiff's claims against the Department of Corrections as well as any official capacity claims for monetary damages asserted against the individual defendants, be dismissed with prejudice based on Eleventh Amendment sovereign immunity grounds.

### B. Individual Capacity Claims Barred as Premature

Plaintiff is seeking monetary damages against the defendants for their alleged violations of his due process and equal protection rights. His cause of action stems from the revocation of his parole. Because Plaintiff has not demonstrated that his parole revocation has been invalidated or reversed, Plaintiff's civil rights action is premature.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence" unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *Id*. at 487. *Heck* also bars proceedings challenging "the fact or duration of parole." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). Accordingly, Plaintiff's cause of action seeking monetary damages based on an allegedly invalid parole revocation, should be dismissed without prejudice.

### RECOMMENDATION

It is recommended that Plaintiff's civil rights action against the named defendants in their individual capacities be dismissed without prejudice pursuant to 28 U.S.C. §§1915 and 1915A. Claims against the Department of Corrections and against the remaining defendants in their official capacities should be **DISMISSED** with prejudice as barred by Eleventh Amendment immunity. Plaintiff's motions, **ECF No. 3** and **ECF No. 4** should be **DENIED** as moot. It is further recommended that this dismissal count as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by **September 4, 2013**. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on August 16, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE